UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **1900 CAPITAL TRUST III BY US BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE**<br><br>PLAINTIFF<br><br>v.<br><br>**DODI S. SIDELINGER,**<br><br>DEFENDANT<br><br>AND<br><br>**FIRST TENNESSEE BANK, N.A.** *f/k/a First Horizon Home Loan Corporation*; **DENNIS CAREY; TYGDON, LLC,**<br><br>PARTIES-IN-INTEREST | CIVIL NO. 2:19-CV-220-DBH |

### DECISION AND ORDER ON DENNIS CAREY'S MOTION TO DISMISS

This motion concerns diversity-of-citizenship jurisdiction. The defendant junior mortgagee argues that the original plaintiff in this mortgagee foreclosure action—a trustee—failed to establish diversity when it did not plead citizenship of the trust's beneficiaries. I conclude that because the plaintiff trustee is a national banking association, it properly pleaded diversity by alleging the banking association's location and was not required to plead the beneficiaries'

citizenship. I therefore **DENY** the junior mortgagee's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

Only the junior mortgagee, Dennis Carey, resists foreclosure of the plaintiff's first mortgage. In October 2020, I denied Carey's previous motion to dismiss, in which he argued in part that an assignment made by the first mortgagee who filed the Complaint, "PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee," to the current plaintiff, "1900 Capital Trust III, By US Bank Trust National Association, Not In Its Individual Capacity But Solely As Certificate Trustee," destroyed diversity jurisdiction. See Decision & Order on Mot. to Dismiss & Cross-Mots. for Summ. J. (ECF No. 70). I held that diversity is assessed as of the filing of the complaint and that later transfers do not affect it. See Freeport-McMoRAN, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991).

This time Carey contends that subject matter jurisdiction was infirm *before* that assignment, arguing that jurisdiction was lacking when the action commenced because the plaintiff failed to properly plead diversity of citizenship in its Complaint. In particular, he argues that the plaintiff needed to plead the citizenship of each of the trust's beneficiaries.[1] Because challenges to subject matter jurisdiction may be raised at any time, I entertain Carey's motion despite

---

[1] A defendant may challenge a plaintiff's pleading of diversity jurisdiction in one of two ways: sufficiency or factual accuracy. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Carey's challenge is one of sufficiency. He does not challenge the factual accuracy of the plaintiff's jurisdictional allegations, nor does he supply evidence to refute the allegations, as would be required in a factual challenge. Id. In assessing Carey's sufficiency challenge, this Court "must credit the plaintiff's well-pleaded factual allegations . . . , draw all reasonable inferences from them in [its] favor, and dispose of the challenge accordingly." Id.

its lateness and its being a second bite at the apple. See Fed. R. Civ. P. 12(h)(3); Halleran v. Hoffman, 966 F.2d 45, 47 (1st Cir. 1992).

## ANALYSIS

In contending that the plaintiff failed to plead citizenship of the trust's beneficiaries,[2] Carey relies on the Supreme Court precedents Carden v. Arkoma Associates, 494 U.S. 185 (1990), and Americold Realty Trust v. ConAgra Foods, Inc., 136 S. Ct. 1012 (2016). Those cases require consideration of the citizenship of all members of an artificial entity that is a party. The plaintiff responds that this lawsuit falls instead under Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980), and that only the trustee's citizenship matters where the trustee is a real party to the controversy.

In Navarro Savings Ass'n, the Court assessed whether the respondents, eight trustees of a business trust organized under Massachusetts law, could invoke diversity based on their citizenship rather than that of the trust's shareholder beneficiaries. 446 U.S. at 458-59. The Court observed that Fed. R. Civ. P. 17(a) embodies the long-held rule that trustees of an express trust are real parties in interest. Id. at 462. Because the trustees held legal title, managed assets, and controlled litigation, the Court considered them to be real parties to the controversy, despite the trust's "resemblance to a business enterprise." Id. at 465. It was their citizenship, not that of the beneficiaries, that mattered for subject matter jurisdiction.

---

[2] Carey does not allege the citizenship of the trust's beneficiaries nor show that their citizenship would destroy diversity.

A decade later, in Carden, the Court considered diversity jurisdiction where one party was a limited partnership organized under Arizona law. 494 U.S. at 186. The Court noted its historic reluctance to treat artificial entities as citizens unless they were corporations. Id. at 189. It rejected the limited partnership's argument that Navarro applied. It cautioned that Navarro "did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz., natural persons) were the real parties to the controversy." Id. at 191. It said, "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Id. at 192-93. The Court concluded that where a suit is brought by or against the *entity*, diversity depends on the citizenship of all members, in Carden the limited partners. Id. at 195-96. The Court observed that it is Congress's job to define whether citizenship of other artificial entities should be determined by means other than citizenship of all the organization's members, and that Congress had done so for corporations in 28 U.S.C. § 1332(c) (declaring that corporations are citizens of the State of their incorporation and of their principal place of business). Id. at 196-97.

More recently in Americold Realty Trust, the Court determined that a "real estate investment trust" formed under Maryland law bore the citizenship of its members when it was sued as a party. Again, the Court distinguished Navarro on the basis that Navarro did not concern the citizenship of a trust. It said:

> Navarro reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person.

> This rule coexists with our discussion . . . that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members.

Id. at 1016 (citation omitted).  As in Carden, the Court highlighted that Congress created by statute an exception for the citizenship of corporations.  Id. at 1015, 1017.  But the Court "decline[d] to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name" or to extend "the same rule to an unincorporated entity that applies to a corporation."  Id. at 1017.

The plaintiff that filed the Complaint in this case was the trustee—not, as in Carden and Americold, the entity itself.  The Complaint says that the plaintiff is "PROF-2014-S2 Legal Title Trust II, *by U.S. Bank National Association, as Legal Title Trustee*."  Compl. ¶ 4 (emphasis added).  Congress has created a provision governing national banking associations.  Specifically:

> All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

28 U.S.C. § 1348.  The Supreme Court has interpreted the statutory term "located" to mean "the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).  The Complaint here alleges that the national bank trustee has its principal place of business in St. Paul, Minnesota.  Compl. ¶ 4.  That satisfies diversity-of-citizenship subject matter jurisdiction.[3]

---

[3] Other courts have likewise held (albeit on different grounds) that where a national banking association trustee is a party, only the trustee's citizenship matters—not that of the trust's beneficiaries.  See Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1228-31 (9th Cir. 2019); SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n, 881 F.3d 933, 939-940 (5th Cir. 2018); U.S. Bank

5

Carey's motion to dismiss is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 8TH DAY OF MARCH, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Dedoming, 308 F. Supp. 3d 579 (D. Mass. 2018).