UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **1900 CAPITAL TRUST III BY US BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE**<br><br>PLAINTIFF<br><br>V.<br><br>**DODI S. SIDELINGER,**<br><br>DEFENDANT<br><br>AND<br><br>**FIRST TENNESSEE BANK, N.A.** *f/k/a First Horizon Home Loan Corporation*; **DENNIS CAREY; TYGDON, LLC,**<br><br>PARTIES-IN-INTEREST | CIVIL NO. 2:19-CV-220-DBH |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I conducted a bench trial on May 17, 2021, in this mortgage foreclosure case. Only a junior mortgagee, Dennis Carey, appeared at trial and challenged the foreclosure. After hearing the testimony and reading the later-filed briefs, I make the following findings of fact and conclusions of law. See Fed. R. Civ. P. 52(a).

## FINDINGS OF FACT

1. On June 5, 2006, the defendant mortgagor executed a first mortgage of the property at Lot 6 Ballpark Drive, Portland, Maine. Pl.'s Ex. C. The mortgage named First Horizon Home Loan Corporation as the lender and was recorded in the Cumberland County Registry of Deeds in Book 24045, Page 203.

2. The plaintiff owns the mortgage on the property, pursuant to a series of valid assignments. Pl.'s Ex. D.

3. The plaintiff holds the note. I examined the original note and allonge at trial. Pl.'s Ex. B. The allonge is indorsed in blank and affixed to the note.

4. The plaintiff has "certif[ied] proof of ownership of the mortgage note and produce[d] evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage." 14 M.R.S. § 6321; see Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶¶ 21-22, 96 A.3d 700.

5. The defendant mortgagor agrees that she has failed to pay the amounts due on the mortgage note since May 1, 2015. See Compl. ¶ 32 (ECF No. 1); Def.'s Answer ¶ 12 (ECF No. 17).

6. The plaintiff has established that as of May 10, 2021, it was due a total of $611,214.18 on the mortgage note, with additional attorney fees and costs.[1] Pl.'s Exs. J, L.[2]

---

[1] Junior mortgagee Carey disputes the amount to which the plaintiff is entitled. A junior mortgagee logically may be able to challenge the amount to which a plaintiff is entitled, given the impact the plaintiff's recovery has on a junior mortgagee's ability to recover anything. Here, however, as explained further below, Carey failed to introduce any evidence showing his interest in the real estate. He therefore lacks standing to challenge the plaintiff's case.

[2] Carey has challenged the admissibility of Exhibit J, which contains the current loan servicer's documents the plaintiff relies upon in proving the amount it is owed. Even if Carey had

7.  There are no public utility easements on the property.

8.  Priorities:

   A.  The plaintiff is in first position.

   B.  According to the plaintiff's Complaint, First Tennessee Bank, N.A., is a party-in-interest in second position. However, it failed to answer and is defaulted. It also did not submit an affidavit of debt or appear at trial.

   C.  According to the plaintiff's Complaint, Dennis Carey is a party-in-interest in third position. Although Carey appeared at trial and his counsel questioned the loan servicer witness extensively, he did not present evidence of his priority or the amount he is owed.[3]

---

demonstrated an interest giving him standing to challenge exhibit J, I would find that the exhibit and witness's testimony were admissible here. See U.S. Bank Tr., N.A. v. Jones, 925 F.3d 534 (1st Cir. 2019).

[3] No evidence of Carey's interest was presented at trial. Carey contends that the foreclosing first mortgagee has the burden to prove the priorities and amounts owed junior mortgagees, on the theory that all eight elements necessary for foreclosure carry the same burdens. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d 700 (citing Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508). The first mortgagee disagrees, admitting that it must establish its priority position and amount owed, but that junior mortgagees carry the burden to prove their priorities and amounts owed. I agree with the plaintiff first mortgagee.

Although the Maine Law Court has stated that proof is required on the order of priorities and amounts owed parties in interest, and has repeated that a plaintiff seeking foreclosure must strictly comply with all statutory requirements, id., it has not addressed the burdens of proof on this element. Title 14 M.R.S. § 6322 states that

> [a]fter hearing, the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, *the order and priority and those amounts, if any, that may be due to other parties that may appear* and whether any public utility easements held by a party in interest survive the proceedings.

(emphasis added). Notably, the statute requires a court determination of order, priority, and amount only as to "parties that may appear." The purpose of giving junior mortgagees notice of a senior mortgagee's intention to foreclose is to allow them "the opportunity to appear in the action and have the court determine, pursuant to section 6322 . . . the 'order of priority and those amounts, if any, that may be due to other parties that may appear.'" Bankr. Estate of Everest v. Bank of Am., N.A., 2015 ME 19, ¶ 18, 111 A.3d 655 (emphasis omitted) (quoting U.S. Dep't of Hous. & Urban Dev. v. Union Mortg. Co., 661 A.2d 163, 166 (Me. 1995)). The appearance requirement suggests an active role for junior mortgagees in determining priority and amounts owed. And practical logic supports the same. The junior mortgagee is in the best position to know what it is owed. See Mechs. Sav. Bank v. Rice, No. RE-14-138, 2014 Me. Super. LEXIS

D. According to the plaintiff's Complaint, Tygdon, LLC, is a party-in-interest in fourth position. Tygdon failed to obtain representation, is defaulted, and did not appear at trial. Tygdon's representative, who is not an attorney admitted to practice before this Court, did submit an affidavit (ECF No. 94) claiming an amount owed. But this affidavit is not in evidence and I cannot consider it.[4]

E. According to the Complaint, Dennis Carey has another interest in fifth position. But Carey has not offered evidence of his priority or any amounts owed.

9. The plaintiff has produced evidence that notice of default and right to cure was mailed to the defendant. Pl.'s Ex. I. The letter satisfies the requirements of 14 M.R.S. § 6111.

10. The defendant mortgagor has consented to foreclosure (ECF No. 99) and waived any mediation requirement.

11. The defendant mortgagor is not in military service. Pl.'s Ex. K.

---

230, at *1-2 (Oct. 20, 2014) (in considering the plaintiff's motion for summary judgment, ordering "any party in interest that has not submitted evidence of its interest in the real property subject to this action . . . to submit such evidence . . . . The parties in interest should submit affidavits confirming the amount due to them." (citing 14 M.R.S. § 6322)). The senior mortgagee is not interested in or affected by the amount of the junior debt; only the mortgagor and junior mortgagees have a stake.

[4] Unlike individuals, business entities generally may not appear pro se. See Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 36 n.2 (1st Cir. 2012) ("limited liability companies, like corporations, cannot litigate pro se"); In re Las Colinas Dev. Corp., 585 F.2d 7, 11 (1st Cir. 1978); Spickler v. York, 566 A.2d 1385, 1390 (Me. 1989). Maine law provides an exception whereby an officer of a corporation with five or fewer shareholders may defend the corporation against a civil action. 4 M.R.S. § 807(3)(J). But even if Maine law controlled, Tygdon's representative, the sole manager and registered agent for the limited liability company, has not shown that he satisfies the corporate defense exception.

4

## CONCLUSIONS OF LAW

1. The Court has jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332.

2. As the holder of the note and owner of the mortgage, the plaintiff has standing to foreclose. See Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700; 14 M.R.S. § 6321 ("the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by civil action . . . .").

3. The plaintiff has satisfied each of the eight elements necessary to prevail on the merits and is entitled to judgment of foreclosure. See Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d 700. I will issue judgment following this order.

4. By failing to adequately appear, First Tennessee Bank, N.A., and Tygdon, LLC, will not have any rights to excess proceeds from the foreclosure sale. See Bankr. Estate of Everest v. Bank of Am., N.A., 2015 ME 19, 111 A.3d 655.

5. Although he appeared at trial, Carey did not present evidence of amounts owed and therefore has not established any rights to excess proceeds from the foreclosure sale.

6. The plaintiff shall submit a proposed judgment by July 7, 2021.

**SO ORDERED.**

**DATED THIS 30TH DAY OF JUNE, 2021**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**