UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| 1900 CAPITAL TRUST III, BY U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE<br><br>PLAINTIFF<br><br>v.<br><br>DODI S. SIDELINGER<br><br>DEFENDANT<br><br>FIRST TENNESSEE BANK, N.A. F/K/A FIRST HORIZON HOME LOAN CORPORATION; DENNIS CAREY; AND TYGDON, LLC<br><br>PARTIES-IN-INTEREST | **CIVIL NO: 2:19-cv-00220-DBH** |

**JUDGMENT OF FORECLOSURE AND SALE**
**TITLE OF REAL ESTATE IS INVOLVED**

**56 [a/k/a Lot 6] Ballpark Drive, Portland, State of Maine**
**Mortgage Recorded in Cumberland County Registry of Deeds in Book 24045, Page 203**

Pursuant to 14 M.R.S.A § 2401(3), the Court finds as follows:

1. That Plaintiff has moved for entry of consent judgment as to Defendant Dodi S. Sidelinger ("Defendant") (ECF 95), to which Defendant has consented (ECF 99), and which motion is presently pending before the Court.

2. That the Court held trial on this matter on May 17, 2021, proper notice having been given to all parties in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

3. That the Court entered Findings of Fact and Conclusions of Law on June 30, 2021 (ECF 112), which are incorporated by reference herein.

1

4. That Plaintiff is entitled to judgment as a matter of law.

5. That Defendant is in breach of the terms of a certain promissory note (the "Note") held by the Plaintiff, originally dated June 5, 2006, as modified November 28, 2007, with such breach constituting a default by the Defendant, and upon such default, proper notice of default was sent to the Defendant.

6. That the default of the Note caused a breach of the Mortgage.

7. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Cumberland County Registry of Deeds in Book 24045, Page 203 ("Mortgage"). The Mortgage encumbers real estate located at 56 [a/k/a Lot 6] Ballpark Drive, Portland, Cumberland County, State of Maine ("Property"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A

8. That Plaintiff established that as of May 10, 2021 it was entitled to $611,214.18, "with additional attorney fees and costs," (ECF 112, at 2, ¶ 6), and that as of May 17, 2021 the amount owed to Plaintiff, its successors and/or assigns, under the terms of the Note and Mortgage is broken down as follows:

| | |
|---|---|
| a. Principal Balance | $427,079.27 |
| b. Accrued Interest | $100,703.71 |
| (plus interest at a per diem of $43.08) | |
| c. Escrow Advances | $65,640.81 |
| d. Property Inspection | $472.15 |
| e. Modification | $1,070.00 |
| f. Attorney Cost (Prior Firm Doonan, Graves & Longoria, LLC) | $2,650.00 |
| g. Foreclosure Costs (Prior Firm Doonan, Graves & Longoria, LLC) | $10,924.64 |
| h. Bankruptcy Costs (Prior Firm Doonan, Graves & Longoria, LLC) | $1,531.00 |
| i. Attorneys' Fees (Bendett & McHugh, P.C.) | $4,665.00 |
| j. Attorneys' Costs (Bendett & McHugh, P.C.) | $379.00 |
| k. Credit | ($17.40) |
| l. Unapplied Balance | ($680.00) |
| **TOTAL:** | **$614,418.18** |

Plaintiff, its successors and/or assigns, is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure, as well as any additional amounts advanced by Plaintiff, its successors and/or assigns, regarding its mortgage security.

Furthermore, solely as between Plaintiff and Party-in-Interest Dennis Carey, any additional provision of this judgment as to taxation of costs, or other relief, is reserved pending the filing, if any, of post-trial motions in that regard.

9. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

  a. Plaintiff, its successors and/or assigns, in the amount of $614,418.18, plus accrued interest at the rate of 4.0% interest per annum ($43.08 per day) to the date of judgment plus interest after judgment at a rate of 6.09% interest plus further legal fees and expenses incurred by Plaintiff, its successors and/or assigns, as described in Paragraph 8 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

  b. First Tennessee Bank, N.A. and Tygdon, LLC have been defaulted and have failed to present evidence of any priority position or amount due and as a result will not receive any distribution from the proceeds of sale;

  c. Dennis Carey did not present evidence of his priority or the amount he is owed and as a result will not receive any distribution from the proceeds of sale;

  d. Defendant Dodi S. Sidelinger any further surplus proceeds from sale.

10. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> 1900 Capital Trust III, By U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Certificate Trustee
> c/o Bendett & McHugh, P.C.
> 30 Danforth Street, Suite 104
> Portland, ME 04101
>
> J. Scott Logan, Esq.
> Attorney for Dodi S. Sidelinger
> Law Office of J. Scott Logan, LLC
> 75 Pearl Street, Suite 212
> Portland, ME 04101
>
> Stephean C. Chute, Esq.
> Attorney for Dennis Carey
> Law Office of Stephean C. Chute
> Four Ottawa Road
> Ottawa Park
> Cape Elizabeth, ME 04107

       Tygdon LLC
       46 Elaines Way
       Eliot, ME 03903

       First Tennessee Bank, N.A.
       165 Madison Avenue
       Memphis, TN 38103

11.    That the Plaintiff's claim for attorney fees is not integral to the relief sought; and

12.    That Defendant has neither requested mediation, nor do the Federal Rules of Civil Procedure require mediation, and therefore M.R.S.A. § 6321-A and M.R.Civ.P. 93 do not apply and mediation is considered waived.

13.    That there is no just reason for delay in the entry of final judgment for Plaintiff, its successors and/or assigns, on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security incurred by Plaintiff, its successors and/or assigns, after the date of this Judgment, for the following reasons:

    a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

    b. The Plaintiff, its successors and/or assigns, and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

    c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security may be resolved by the Defendant filing a motion contesting Plaintiff's, its successors and/or assigns, Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Plaintiff's Motion to Enter Consent Judgment, and the Prayers for Relief in Plaintiff's Complaint, are GRANTED, and if Defendant, her heirs or assigns, does not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 9(a) above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 9 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff, its successors and/or assigns, may in its sole discretion allow, or if Defendant abandons the Property, Plaintiff, its successors and/or assigns, shall then be entitled, at its option, to take exclusive possession of the Property, and the Clerk shall issue a Writ of Possession at the request of Plaintiff, its successors and/or assigns;

D. That Plaintiff, its successors and/or assigns, is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That no execution shall issue against Defendant for any deficiency;

F. That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendant may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Cumberland County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated _____, 20____ for the Plaintiff, its successors and/or assigns, as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with M.R. Civ. P. 79(a) and F. R. Civ. P. 79 at the specific direction of the Court."

Dated: August 5, 2021                         /s/ D. Brock Hornby
                                              U.S. District Judge